**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| SCHAEFFLER TECHNOLOGIES AG & CO., KG, Plaintiff, | NO. |
| | DISTRICT JUDGE |
| v. | MAGISTRATE JUDGE |
| GULF ASSET RECOVERY LLC, Defendant. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION** |

In the United States District Court for the Western District of Louisiana, plaintiff Schaeffler Technologies AG & Co., KG (hereinafter "Plaintiff" or "Schaeffler") by its undersigned attorneys, complains of defendant Gulf Asset Recovery LLC ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff Schaeffler is organized and existing under the laws of the Federal Republic of Germany and has its principal place of business at Industriestrasse 1-3, D-91074 Herzogenaurach, Germany. Through various wholly-owned subsidiaries in the United States, including Schaeffler Group U.S.A., Inc., Schaeffler does business in the United States, including in this judicial district, by offering for sale, selling, distributing, and servicing bearings and other products sold under the famous brand names FAG®, INA®, and LUK®, among others.

2. On information and belief, defendant Gulf Asset Recovery LLC is a Louisiana limited liability company with a principal place of business at 133 Evans Lane, Lafayette, LA 70506, and is currently doing business at that address within this judicial district.

3. On information and belief, Defendant has acted within this judicial district as, *inter alia*, a distributor and seller of various types of industrial components, including, without limitation, bearings. On further information and belief, Defendant has advertised, marketed, distributed, offered for sale, and sold, within this judicial district and in interstate commerce, counterfeit bearings using the registered trademarks of Plaintiff.

**JURISDICTION**

4. This Court has jurisdiction over the federal claims in this action under the Trademark Laws of the United States, Lanham Act Sections 32, 39, and 43, 15 U.S.C. §§ 1114, 1121, and 1125, and the Judicial Code of the United States, 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

5. The Defendant is subject to personal jurisdiction in this district because it is present and conducts business here, because it purposely directs its activities toward, and conducts business with, consumers throughout the United States, including within this judicial district through, at least, an online store on the eBay e-commerce online marketplace accessible at:
https://www.ebay.com/itm/267199919606?_trkparms=amclksrc%3DITM%26aid%3D777008%26algo%3DPERSONAL.TOPIC%26ao%3D1%26asc%3D20250506202230%26meid%3Dc3abf055df344c8a840678255f32a9e2%26pid%3D102751%26rk%3D1%26rkt%3D1%26mehot%3Dlo%26itm%3D267199919606%26pmt%3D0%26noa%3D1%26pg%3D4375194%26algv%3DRecentlyViewedItemsV2SignedOut%26brand%3DFAG%26tu%3D01M26J4MESWPNFQ0NFZNXA7YVP




and

https://www.ebay.com/sch/i.html?_nkw=gulf+asset+recovery&_sacat=0&_from=R40&_trksid=p2332490.m570.l1313




Both of the aforementioned eBay postings are accessible in Louisiana.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that Defendant resides in this judicial district.

7. This action arises out of Defendant's unauthorized use of Schaeffler's federally registered trademarks for the marks FAG®, the FAG® Package Design, and X-LIFE®, on and in connection with certain bearing products that, upon information and belief, are not genuine Schaeffler products, and, indeed, upon further information and belief, are counterfeit. Defendant's unauthorized use of the referenced trademarks on and in connection with the

advertising, promotion, marketing, distribution, offer for sale, and sale of such counterfeit products infringes Schaeffler's rights in those trademarks. The unauthorized use of the referenced trademarks by Defendant on products not manufactured by Schaeffler implies falsely, deceptively, and confusingly that the products Defendant is advertising, promoting, marketing, distributing, offering for sale, and selling originate with Schaeffler or are in some way associated with, licensed by, or otherwise sponsored or approved by Schaeffler.

8. By this Complaint Schaeffler seeks preliminary and permanent injunctive relief, and damages pursuant to Sections 32, 34, 35, 36, and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, 1118, and 1125(a).

## BACKGROUND FACTS

### *A. Schaeffler, Its Products, and Its Trademarks*

9. Schaeffler is a global manufacturing company employing more than 90,000 employees and generating more than €20 billion in sales annually. Schaeffler's American's region employs over 16,000 individuals and has more than $5 billion in annual sales.

10. In the United States, as noted *supra*, Schaeffler does business utilizing the distinctive brand names FAG®, INA®, LUK®, and X-LIFE®, among many others. Schaeffler has operated for over fifty years in North America, and focuses on the automotive, industrial, and aerospace industries, mainly providing bearing products as well as services relating to bearings and other mechanical and industrial components. The bearings offered by Schaeffler in the United States under its collection of famous brands are utilized in nearly every device that contains moving parts, including, without limitation, cars, trucks, busses, trains, motorcycles, airplanes, large-scale mining equipment, and construction equipment, among many, many others.

11. Schaeffler's bearing products are made to highly precise specifications, and under the strictest control. The end-use devices into which Schaeffler's bearing products are placed demand that the bearings and their components be of the highest quality in order for such devices to function in their intended manner. Failure of a bearing in an automobile, bus, motorcycle, truck, ship, airplane, or train, for example, could have disastrous consequences from both safety and economic perspectives.

12. Schaeffler (either itself or through its predecessors-in-interest) has used the trademark FAG® in the United States since at least as early as 1962, and through its predecessors-in-interest has obtained several federal trademark registrations for the mark, including, without limitation, United States Trademark Registration Numbers 759,957 and 3,673,117. These registrations were issued as far back as the 1960s and are still in good standing, in full force and effect, and, by assignment, are owned by Schaeffler. In addition, Schaeffler is the owner of United States Trademark Registration Number 4,103,952, which registration covers the appearance of the packaging used by Schaeffler for many of its FAG®-branded products. Attached hereto as Exhibit 1 are copies of these Federal trademark registrations together with print outs from the United States Patent & Trademark Office's online database showing their current statuses. Collectively, the aforementioned FAG® trademarks are hereinafter referred to as the "FAG® Trademarks". In addition, many of Schaeffler's FAG®-branded products also bear the trademark X-LIFE®. The X-LIFE trademark is also registered with the United States Patent & Trademark Office (Registration Number 4,899,890) for use in connection with "machine parts, namely, roller bearings and parts thereof", which registration issued in 2016, has been deemed "incontestable" by the United States Patent & Trademark Office, and remains in full force and effect. A copy of Schaeffler's X-LIFE® registration,

together with a printout from the United States Patent & Trademark Office's online database showing the registration's current status and title, are also included as part of Exhibit 1. Schaeffler's FAG® Trademarks and the X-LIFE® trademark are hereinafter collectively referred to as the "Schaeffler Trademarks".

13. As shown in Exhibit 1, the registrations for the Schaeffler Trademarks specifically cover the use of the terms FAG® and X-LIFE® for, *inter alia*, bearings, bearing assemblies, and components thereof.

14. Each year in the United States, Schaeffler sells tens of millions of dollars of bearing products under the Schaeffler Trademarks, either itself directly, or through numerous authorized distributors of such products. In addition, Schaeffler spends substantial sums in the United States advertising and promoting its products sold under the Schaeffler Trademarks. Further still, Schaeffler invests heavily in efforts to enforce its rights in the Schaeffler Trademarks.

15. As a result of Schaeffler's long-term use and extensive sales of bearing products carrying the distinctive Schaeffler Trademarks, those trademarks have become famous and well known to consumers and to the trade, identifying Schaeffler as the exclusive and unique source of the bearing products to which the trademarks are applied or with which they are associated. Such fame and notoriety substantially pre-date the activities of Defendant as complained of herein. Consumers have come to recognize that products sold under the Schaeffler Trademarks are of high quality, and as a result, the Schaeffler Trademarks have acquired great value and goodwill.

***B. Defendant's Infringing Activities***

16. In light of the success of the products sold by Schaeffler under the Schaeffler Trademarks, and in view of the need for such products in a wide range of industries, Schaeffler has needed to be vigilant in ensuring that counterfeit products bearing the Schaeffler Trademarks are identified and, where possible, seized and destroyed. Indeed, in recent years Schaeffler has, *inter alia*, successfully filed lawsuits and sent numerous cease-and-desist letters to address the issue of counterfeit products.

17. As part of Schaeffler's ongoing counterfeit discovery enforcement efforts, in July 2024, Schaeffler's review of the Internet and, in particular, the eBay online marketplace, uncovered that the storefront "Gulf Asset Recovery" was displaying images of a product purporting to be a genuine FAG®-branded product, in packaging embodying the FAG® Package Design, and was offering that product for sale. The product was identified as a "FAG 6220-2RSR.C3 Deep Groove Ball Bearing", and the packaging and the bearing itself both displayed the FAG® and X-LIFE® trademarks. Based on Schaeffler's review of the eBay product offering, the determination was made that the bearing being offered was counterfeit in nature. More specifically, the identification markings on the bearing were inconsistent with Schaeffler marking protocols. Schaeffler thereafter notified eBay through its "VeRO" brand protection program that the bearing being offered by Gulf Asset Recovery was counterfeit and requested that the listing be removed. eBay complied with Schaeffler's request and removed the offering. *See* Exhibit 2.

18. In December 2024, Mr. Michael Rongey, a representative of Gulf Asset Recovery, requested clarification from Schaeffler as to why Schaeffler had made the VeRO filing with respect to the referenced FAG®/X-LIFE® bearing. Mr. Rongey advised that Gulf

Asset Recovery was in possession of 3 such bearings (all characterized as being exactly the same by Mr. Rongey), and Mr. Rongey provided pictures of same. Mr. Rongey also requested that Schaeffler confirm that the bearings were, in fact, counterfeit. *See* Exhibit 3.

19. On January 2, 2025, Schaeffler responded to Mr. Rongey advising that based on the pictures provided, the bearings shown, namely the bearings identified as FAG 6220-2RSR.C3, were counterfeit. Schaeffler requested that the parts (together with all shipping and invoice documentation) be sent to Schaeffler for destruction. Schaeffler's email also advised Mr. Rongey as to the appropriate mechanism for determining whether a particular FAG®-branded product is genuine in nature. *See* Exhibit 4. No further response was received from Gulf Asset Recovery, and Gulf Asset Recovery did not forward the counterfeit bearings to Schaeffler. However, because the counterfeit bearing had been removed from the eBay online marketplace, Schaeffler's actions at that time consisted of continuing to monitor the eBay offerings of Gulf Asset Recovery.

20. In April 2026, Schaeffler's ongoing eBay monitoring revealed that notwithstanding Schaeffler's prior confirmation as to the counterfeit nature of the bearings in possession of Gulf Asset Recovery, Gulf Asset Recovery was again offering the 3 FAG®/X-LIFE® bearings that were the subject of Schaeffler's 2024 VeRO takedown request. Schaeffler's further review of the Gulf Asset Recovery eBay offerings indicated that there were now a total of 4 counterfeit FAG®-/X-LIFE® branded part numbers being listed, for a total of 8 pieces. *See* Exhibit 5.

21. In light of Gulf Asset Recovery's apparent re-listing of the FAG®/X-LIFE® bearings previously identified as counterfeit, Schaeffler retained Mr. Michael Falsone, a private investigator to make a purchase. On April 27, 2026, Mr. Falsone received the product from Gulf

Asset Recovery. Photos showing the purchase documentation and product received from Gulf Asset Recovery are attached hereto as Exhibit 6.

22. Upon receipt of the product, which, as reflected in the documentation attached hereto as Exhibit 6, shows the FAG® trademark, the FAG® Package Design, and the X-LIFE® trademark, Schaeffler analyzed the product and again confirmed its counterfeit nature as reflected in the report attached hereto as Exhibit 7.

23. On information and belief, notwithstanding Schaeffler's specific declaration to Gulf Asset Recovery as to the counterfeit nature of the product, Defendant is continuing to offer the counterfeit products under the Schaeffler Trademarks. Exhibit 8 shows recent screen captures from Defendant's eBay storefront evidencing the ongoing efforts on the part of Defendant to sell the counterfeit products in its possession. Indeed, a comparison of Exhibit 8 (Defendant's eBay listings from August 2026) with Exhibit 9 (Defendant's eBay listings from September 2026) reveals not only ongoing offers for sale, but also that Defendant has apparently sold recently some of its infringing/counterfeit inventory. Such conduct is willful.

24. On information and belief, Defendant is and has been aware of the fame of the Schaeffler Trademarks and the valuable goodwill associated with those trademarks since long before Defendant began advertising, promoting, marketing, distributing, offering for sale, and selling the counterfeit bearings referenced herein.

25. Defendant's advertising, promotion, marketing, distribution, offer for sale, and sale of non-genuine bearings displaying the famous and distinctive Schaeffler Trademarks is likely to cause confusion, mistake, or deception as to the source or sponsorship of the products sold and distributed by Defendant. Such advertising, promotion, marketing, distribution, offer for sale, and sale by Defendant is also likely to cause injury to the business reputation of

Schaeffler, in that the public and the trade are likely to believe that the counterfeit product sourced through Defendant is genuine FAG®-branded/X-LIFE®-branded product, that such product originates with Schaeffler, and/or that such product was in some manner authorized or approved by Schaeffler. As a result, such advertising, promotion, marketing, distribution, offer for sale, and sale infringes and dilutes Schaeffler's famous and distinctive Schaeffler Trademarks, and amounts to unfair competition with Schaeffler.

26. Further still, the advertising, promotion, marketing, distribution, offer for sale, and sale by Defendant of the above-described inferior, counterfeit FAG®- and X-LIFE®-branded bearings is likely to cause harm to the end users of such bearings in that the failure of such bearings will result in, *inter alia*, equipment down-time and the necessity for repairs. Such end-user harm directly and negatively impacts Schaeffler's reputation, and the goodwill associated with Schaeffler, the Schaeffler Trademarks, and the FAG® and X-LIFE® brands.

27. Accordingly, on information and belief, Defendant's advertising, promotion, marketing, distribution, offer for sale, and sale of counterfeit FAG®- and X-LIFE®-branded bearing products in packaging and embodying the FAG® Package Design and Defendant's resulting unauthorized use of the registered FAG® and X-LIFE® trademarks in connection with such advertising, promotion, marketing, distribution, offer for sale, and sale has resulted in, and will continue to result in, irreparable damage to Schaeffler for which there is no adequate remedy at law. On further information and belief, unless permanently enjoined, Defendant will continue to advertise, promote, market, distribute, offer for sale, and sell the counterfeit FAG®-branded and X-LIFE®-branded bearing products thereby causing consumer confusion as well as lost sales to Schaeffler, resulting in substantial, irreparable harm to Schaeffler, to the public, and to the Schaeffler Trademarks.

**FIRST CAUSE OF ACTION –**
**Federal Trademark Infringement – FAG® Trademarks**

28. This is a claim for trademark infringement arising under the Trademark Laws of the United States, Lanham Act Section 32, 15 U.S.C. § 1114. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

29. Schaeffler incorporates by reference the allegations set forth in paragraphs 1 through 27 of this Complaint with the same force and effect as if set forth herein in their entirety.

30. Defendant's advertising, promotion, marketing, distribution, offer for sale, and sale of counterfeit bearing products displaying the registered FAG® Trademarks is likely to cause confusion in the minds of the public and is likely to cause mistake or to deceive persons into the erroneous belief that the bearing products Defendant is advertising, promoting, marketing, distributing, offering for sale, and selling are genuine FAG® products, emanating from, or associated with, endorsed, authorized, or sponsored by Schaeffler, or that such products are connected in some way with Schaeffler.

31. The Defendant's acts and conduct set forth above constitute willful infringement of Schaeffler's FAG® Trademarks.

32. The Defendant's use of the term "FAG" and the offer for sale and sale of products in packaging embodying the FAG® Package Design in the manner described herein trades on the goodwill Schaeffler has developed in its distinctive FAG® Trademarks and such acts damage the rights of Schaeffler in its FAG® Trademarks and the goodwill represented thereby, all to the detriment of Schaeffler.

33. The Defendant's aforesaid acts constitute trademark infringement of Schaeffler's FAG® Trademarks and have damaged Schaeffler and will, unless enjoined, further impair or destroy the value of Schaeffler's goodwill and registered trademarks.

34. The Defendant's aforesaid acts are in violation of 15 U.S.C. § 1114, and Defendant is liable to Plaintiff for damages. The Defendant's acts have caused and will continue to cause further irreparable injury to Schaeffler if Defendant is not restrained by this Court from further violations of Schaeffler's rights.

35. Schaeffler has been irreparably injured by the Defendant's aforesaid acts and has no adequate remedy at law.

**SECOND CAUSE OF ACTION –**
**Federal Trademark Infringement – X-LIFE® Trademark**

36. This is a claim for trademark infringement arising under the Trademark Laws of the United States, Lanham Act Section 32, 15 U.S.C. § 1114. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

37. Schaeffler incorporates by reference the allegations set forth in paragraphs 1 through 36 of this Complaint with the same force and effect as if set forth herein in their entirety.

38. Defendant's advertising, promotion, marketing, distribution, offer for sale, and sale of counterfeit bearing products displaying the registered X-LIFE® trademark is likely to cause confusion in the minds of the public and is likely to cause mistake or to deceive persons into the erroneous belief that the bearing products Defendant is advertising, promoting, marketing, distributing, offering for sale, and selling are genuine X-LIFE® products, emanating from, or associated with, endorsed, authorized, or sponsored by Schaeffler, or that such products are connected in some way with Schaeffler.

39. The Defendant's acts and conduct set forth above constitute willful infringement of Schaeffler's X-LIFE® trademark.

40. The Defendant's use of the term "X-LIFE" in the manner described herein trades on the goodwill Schaeffler has developed in its distinctive X-LIFE® trademark and such acts

damage the rights of Schaeffler in its X-LIFE® trademark and the goodwill represented thereby, all to the detriment of Schaeffler.

41. The Defendant's aforesaid acts constitute trademark infringement of Schaeffler's X-LIFE® trademark and have damaged Schaeffler and will, unless enjoined, further impair or destroy the value of Schaeffler's goodwill and registered trademarks.

42. The Defendant's aforesaid acts are in violation of 15 U.S.C. § 1114, and Defendant is liable to Plaintiff for damages. The Defendant's acts have caused and will continue to cause further irreparable injury to Schaeffler if Defendant is not restrained by this Court from further violations of Schaeffler's rights.

43. Schaeffler has been irreparably injured by the Defendant's aforesaid acts and has no adequate remedy at law.

**THIRD CAUSE OF ACTION –**
**Federal Unfair Competition and False Designation of Origin**

44. This is a claim for unfair competition and false designation of origin arising under the Trademark Laws of the United States, Lanham Act Section 43(a), 15 U.S.C. § 1125(a), for Defendant's intentional unauthorized use in commerce of a colorable imitation of Schaeffler's distinctive FAG® Trademarks and X-LIFE® Trademark. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

45. Schaeffler incorporates by reference the allegations set forth in paragraphs 1 through 44 of this Complaint with the same force and effect as if set forth herein in their entirety.

46. The Defendant's unauthorized use of Schaeffler's Schaeffler Trademarks (as defined herein) in connection with the advertising, promotion, marketing, distribution, offer for sale, and sale of counterfeit bearings is likely to cause confusion in the minds of the public with Schaeffler's bearing products, and is likely to cause mistake or to deceive persons into the

erroneous belief that the products being offered for sale by Defendant emanate from, are associated with, or are endorsed, authorized, or sponsored by Schaeffler, or that Defendant is connected in some way with Schaeffler.

47. The Defendant's acts and conduct set forth above constitute willful unfair competition with Schaeffler, and have been without the leave, license, or permission of Schaeffler.

48. The Defendant's aforesaid acts constitute false designation of origin and are in violation of 15 U.S.C. § 1125(a).

49. Schaeffler has been and is likely to continue to be damaged by Defendant's continued unfair competition and use of this false designation of origin.

50. Schaeffler has been irreparably injured by Defendant's aforesaid acts and has no adequate remedy at law.

**FOURTH CAUSE OF ACTION –**
**Federal Trademark Dilution**

51. This is a claim for trademark dilution arising under the Trademark Laws of the United States, Lanham Act Section 43(c), 15 U.S.C. § 1125(c), for Defendant's intentional unauthorized use in commerce of a colorable imitation of Schaeffler's famous and distinctive FAG® Trademarks. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

52. Schaeffler incorporates by reference the allegations set forth in paragraphs 1 through 51 of this Complaint with the same force and effect as if set forth herein in their entirety.

53. As set forth herein, since long prior to Defendant's first use of the term "FAG" in connection with the marketing, advertising, promotion, distribution, offer for sale, and sale of the unauthorized, counterfeit bearing products that are the subject of this action, Schaeffler has widely used its distinctive FAG® Trademarks (as defined herein) in interstate commerce. Such

use by Schaeffler has included substantial advertising and promotion featuring the FAG® Trademarks throughout the United States, including in Louisiana. Moreover, Schaeffler has enjoyed substantial sales of its FAG®-branded products in packaging embodying the distinctive FAG® Package Design. As a result, Schaeffler's distinctive FAG® trademarks have become famous and well known to the consuming public within the meaning of 15 U.S.C. § 1125(c)(2)(A). Such fame attached well prior to the first use by Defendant of the "FAG" name and the look-alike "FAG" packaging in connection with the advertising, promotion, marketing, distribution, offer for sale, and sale of counterfeit bearings as described herein.

54. In view of the fame of the distinctive FAG® Trademarks, Defendant's activities are likely to dilute, have diluted, and will continue to dilute the distinctive quality of the FAG® Trademarks by lessening their capacity to identify and distinguish the goods sold by Schaeffler under those trademarks, all in violation of 15 U.S.C. § 1125(c).

55. Defendant's activities were done willfully with an intent to trade on Schaeffler's reputation and to cause dilution of the famous and distinctive FAG® Trademarks.

56. As a result of Defendant's conduct, Schaeffler has sustained and will continue to sustain substantial damages and irreparable injury for which there is no adequate remedy at law.

## FIFTH CAUSE OF ACTION –
## Trademark Dilution Under Louisiana State Law

57. This is a claim for trademark dilution arising under Louisiana statutory law, La. R.S. § 51:223.1. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over this claim which is so related to the other claims in this action which are within the original jurisdiction of this Court that they form part of the same case or controversy.

58. Schaeffler incorporates by reference the allegations set forth in paragraphs 1 through 57 of this Complaint with the same force and effect as if set forth herein in their entirety.

59. As set forth herein, since long prior to Defendant's first use of the term "FAG" in connection with the marketing, advertising, promotion, distribution, offer for sale, and sale of the unauthorized, counterfeit bearing products that are the subject of this action, Schaeffler has widely used its distinctive FAG® Trademarks in interstate commerce, including substantial advertising and promotion featuring the FAG® Trademarks throughout the United States and in Louisiana. Moreover, Schaeffler has enjoyed substantial sales of its FAG®-branded products in packaging embodying the distinctive FAG® Package Design. As a result, Schaeffler's distinctive FAG® trademarks have become famous and well known to the consuming public. Such fame attached well prior to the first use by Defendant of the "FAG" name and the look-alike "FAG" packaging in connection with the advertising, promotion, marketing, distribution, offer for sale, and sale of counterfeit bearings as described herein.

60. In view of the fame of the distinctive FAG® Trademarks, Defendant's activities are likely to dilute, have diluted, and will continue to dilute the distinctive quality of the FAG® Trademarks by lessening their capacity to identify and distinguish the goods sold by Schaeffler under those trademarks, all in violation of La. R.S. § 51:223.1.

61. The Defendant's aforesaid acts are in violation of Louisiana law, and Defendant is liable to Plaintiff for damages. Defendant's conduct and acts as alleged herein have violated general principles of law and equity, constitute unfair competition under the laws of the State of Louisiana, and have diluted Schaeffler's valuable trademark rights. Such conduct and acts have caused irreparable injury to Schaeffler and will continue to cause injury unless enjoined by this Court.

62. As a result of the wrongful conduct and acts of Defendant as alleged herein, Defendant has been unjustly enriched, and Schaeffler has been irreparably injured.

63. Schaeffler has no adequate remedy at law.

**SIXTH CAUSE OF ACTION –**
**Unfair Trade Practices Under Louisiana State Law**

64. This is a claim for violation of Louisiana's Unfair Trade Practices and Consumer Protection Law, La. R.S. § 51:1401 *et seq*. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over this claim which is so related to the other claims in this action which are within the original jurisdiction of this Court that they form part of the same case or controversy.

65. Schaeffler incorporates by reference the allegations set forth in paragraphs 1 through 64 of this Complaint with the same force and effect as if set forth herein in their entirety.

66. Schaeffler's bearing products are made to highly precise specifications, and under the strictest control. Schaeffler developed these bearing products through the expenditure of extensive time, skill, labor, and money. As a result of Schaeffler's long-term use and extensive sales of bearing products carrying the distinctive Schaeffler Trademarks, those trademarks have become famous and well known to consumers and to the trade, who recognize that products sold under the Schaeffler Trademarks are of high quality.

67. Moreover, Schaeffler spends substantial sums in the United States advertising and promoting its products sold under the Schaeffler Trademarks. Schaeffler invests heavily in efforts to enforce its rights in the Schaeffler Trademarks.

68. Defendant knowingly engaged in unfair or deceptive acts or practices in its advertising, promotion, marketing, distribution, offer for sale, and sale of counterfeit bearing products displaying the registered FAG® Trademarks and X-LIFE® trademark.

69. Defendant's conduct violates established public policy and is immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, fraudulent, and deceptive.

70. Defendant exploited the reputation and goodwill associated with the Schaeffler Trademarks and gained a financial benefit for itself while causing harm to Schaeffler.

71. Defendant's fraudulent conduct and acts as alleged herein have violated general principles of law and equity and constitute unfair or deceptive practices under the laws of the State of Louisiana. Such conduct and acts have caused damage and irreparable injury to Schaeffler and will continue to cause damage and injury unless enjoined by this Court.

72. As a result of the fraudulent and wrongful conduct and acts of Defendant as alleged herein, Defendant has been unjustly enriched, and Schaeffler has been irreparably damaged and injured.

73. As a result of the fraudulent and wrongful conduct as alleged herein, Schaeffler is entitled to restitution in the amount to be determined, as well as injunctive relief. Schaeffler is also entitled to recover reasonable attorneys' fees and costs as set forth in La. R.S. § 51:1409(A).

74. Schaeffler has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Schaeffler Technologies AG & Co., KG asks this Court to:

1. Grant preliminary and permanent injunctions both in the United States and wherever Defendant is or may be advertising, marketing, promoting, distributing, offering for sale, or selling FAG®- and/or X-LIFE®-branded products, prohibiting Defendant, including, without limitation, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with any of them, from in any manner, directly or indirectly:

a. using any false designation of origin or false description (including, without limitation, any letters, symbols, or packaging) which can, or is likely to, lead the trade or consuming public, or individual members hereof, to believe that any product advertised, marketed, promoted, distributed, offered for sale, or sold by Defendant is in any manner associated or connected with, is manufactured, sold, licensed, approved, sponsored, or authorized by Schaeffler;

b. importing, exporting, making, selling, marketing, advertising, promoting, distributing, offering for sale, or selling products bearing any trademark which implies or suggests that such products originated from or are in any manner associated or are connected with, manufactured, sold, licensed, approved, sponsored, or authorized by Schaeffler;

c. causing likelihood of confusion or of misunderstanding as to the source, sponsorship or approval of the products Defendant is advertising, marketing, distributing, offering to sell, and/or selling;

d. engaging in any act or acts causing or likely to cause the trade or consuming public, or any member thereof, to believe that Defendant or the products offered by Defendant are in any manner associated with or are connected with, manufactured, sold, licensed, approved, sponsored, or authorized by Schaeffler;

e. imitating, copying, counterfeiting, simulating, or making any other unauthorized use of Schaeffler's FAG® Trademarks (including, without limitation, internet, online marketplace, and social media use);

f. imitating, copying, counterfeiting, simulating, or making any other unauthorized use of Schaeffler's X-LIFE® trademark (including, without limitation, internet, online marketplace, and social media use);

g. importing, exporting, circulating, marketing, moving, distributing, offering for sale, selling, or otherwise disposing of any product or product packaging bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of Schaeffler's FAG® Trademarks;

h. importing, exporting, circulating, marketing, moving, distributing, offering for sale, selling, or otherwise disposing of any product or product packaging bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of Schaeffler's X-LIFE® trademark;

i. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, destroying, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the FAG® Trademarks or the X-LIFE® trademark;

j. destroying or otherwise disposing of the packaging, advertising and/or promotional material relating to the products referenced in sub-paragraphs (a) through (i) above, or any documents or computer files or records pertaining to any of them or their acquisition or to the sale or use of said products, packaging, advertising, and/or promotional material heretofore made;

k. using, linking to, transferring, selling, exercising control over, or otherwise owning any online marketplace accounts (including, without limitation, the e-commerce eBay store(s) owned by or otherwise associated with Defendant being used to sell or advertise, market, distribute, offer for sale, or sell products bearing the FAG® Trademarks or the X-LIFE® trademark);

l. withdrawing, moving, transferring, or otherwise disposing of or burdening any funds, currency, or other monetary value contained in their respective marketplace accounts with eBay, PayPal, Visa, MasterCard, Discover, or any other payment platform or mechanism;

m. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in its subparagraphs (a) – (l) above; and

n. assisting, aiding, or abetting any other person or business entity in engaging or performing any one or more of the activities referred to in sub-paragraphs (a) through (m) above.

2. Find that Defendant has unfairly competed with Schaeffler by the acts complained of herein.

3. Find that Defendant has engaged in the advertising, marketing, promotion, distribution, offering for sale, and selling of counterfeit FAG®-branded products.

4. Find that Defendant has engaged in the advertising, marketing, promotion, distribution, offering for sale, and selling of counterfeit products utilizing packaging embodying the FAG® Package Design trademark.

5. Find that Defendant has engaged in the advertising, marketing, promotion, distribution, offering for sale, and selling of counterfeit X-LIFE®-branded products.

6. Find that Defendant has infringed Schaeffler's FAG® Trademark rights in both the United States and wherever throughout the world Defendant has advertised, promoted, marketed, distributed, offered for sale, and/or sold counterfeit FAG®-branded products packaged in packaging embodying the FAG® Package Design as set forth herein and that said acts will

damage, dilute, and diminish the distinctiveness of Schaeffler's FAG® Trademarks unless Defendant is enjoined by this Court.

7. Find that Defendant has infringed Schaeffler's X-LIFE® trademark rights in both the United States and wherever throughout the world Defendant has advertised, promoted, marketed, distributed, offered for sale, and/or sold counterfeit X-LIFE® products as set forth herein unless Defendant is enjoined by this Court.

8. Find that Defendant's actions as complained of herein amount to dilution of Schaeffler's famous and distinctive FAG® Trademarks.

9. Find that Defendant's actions as complained of herein were willful.

10. Grant an order requiring Defendant to provide to Schaeffler all documents and things relating to all FAG®-branded products in the possession, custody, or control of Defendant, including, without limitation, all documents relating to Defendant's acquisition of all FAG®-branded products ever acquired by or on behalf of Defendant.

11. Grant an order requiring Defendant to provide to Schaeffler all documents and things relating to all X-LIFE®-branded products in the possession, custody, or control of Defendant, including, without limitation, all documents relating to Defendant's acquisition of all X-LIFE®-branded products ever acquired by or on behalf of Defendant.

12. Grant an order requiring Defendant to deliver up to Schaeffler or its designated representative(s) for destruction (or disposal in a manner to be dictated by Schaeffler), at Defendant's expense, all product, as well as all promotional, advertising, and packaging material of any kind both within or without the United States bearing (i) Schaeffler's FAG® Trademarks or any colorable imitation thereof and/or (ii) Schaeffler's X-LIFE® trademark or any colorable imitation thereof.

13. Hold Defendant liable and award to Schaeffler, for Defendant's violations of Schaeffler's rights as a result of the actions complained of herein, damages, attorneys' fees, costs, and/or other recovery as may be permitted under 15 U.S.C. § 1117, La. R.S. § 51:223.1, and La. R.S. § 51:1409(A).

14. Grant an order directing that all of Defendant's bank accounts and accounts with online marketplaces including, without limitation, eBay and Amazon, as well as all of Defendant's other assets (monetary, physical, and digital) be immediately frozen until such time as any award to Schaeffler as ordered by this Court pursuant hereto is satisfied.

15. Grant to Schaeffler such other further relief as the Court may deem just and proper under the circumstances.

Dated: October 20, 2026

Respectfully submitted,

BY: */s/ Madaline King Rabalais*

Madaline King Rabalais (LA #38301)
BUTLER SNOW LLP
445 North Boulevard, Suite 300 (70802)
P.O. Box 2997
Baton Rouge LA 70821-2997
Telephone: (225) 325-8700
Madaline.Rabalais@butlersnow.com

Brian C. Kimball (MS #100787)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone: (601) 985-5711
Brian.Kimball@butlersnow.com
*Motion for Pro Hac Vice forthcoming*

**Attorneys for Plaintiff Schaeffler Technologies AG & Co., KG**

*Of Counsel*:

Timothy J. Kelly
**T.J. KELLY INTELLECTUAL PROPERTY LAW, P.C.**
P.O. Box 128
Bay Head, New Jersey 08742
T: 908-230-9105
E: Tim@TJKIPLaw.com

103170946.v1